UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY N.,

                Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 2:21-cv-441-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

    Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5. This matter is fully briefed. *See* Dkts. 19, 20, 21.

    Although the ALJ in this matter found the medical consultant's opinion plaintiff likely would miss two days of work per month was not supported by the medical review within the consultant's opinion, there is substantial support within the medical review of the consultant's opinion for the opined absenteeism of plaintiff.

    This error is not harmless, as crediting it would lead to a finding of disability, according to the vocational expert, making it an error of consequence. Therefore, this matter must be reversed and remanded for further Administrative proceedings consistent with this order.

ORDER - 1

FACTUAL AND PROCEDURAL HISTORY

On December 5, 2017[1], plaintiff filed an application for DIB and SSI, alleging disability as of December 1, 2017. *See* Dkt. 14, Administrative Record ("AR") 15. The application was denied on initial administrative review and on reconsideration. *See* AR 15. A hearing was held before Administrative Law Judge Glenn G Meyers ("the ALJ") on June 18, 2020. *See* AR 68-110. In a decision dated June 26, 2020, the ALJ determined plaintiff to be not disabled. *See* AR 12-33. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on February 1, 2021, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In plaintiff's Opening Brief, plaintiff maintains the ALJ erred by: (1) failing to evaluate properly most of the medical opinions in the record; and (2) failing to consider plaintiff's subjective complaints in accordance with the proper legal standard. "Open," Dkt. 19, p. 1. Defendant contends the ALJ reasonably evaluated the persuasiveness of the medical opinions, and reasonably determined the medical and other evidence of record showed plaintiff functions better than she alleged. "Response," Dkt. 20, pp. 2-11.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as

---

[1] These applications were filed approximately a month and a half after "the prior, now administratively final decision of the Commissioner as to the issue of 'disability' dated October 26, 2017," not reopened by the ALJ. *See* AR 15 (citing Exhibit B1A, *i.e.,* AR 111-33).

ORDER - 2

adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

DISCUSSION

**I.       The ALJ erred when evaluating the medical evidence for the RFC.**

Plaintiff contends the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because the ALJ erred when evaluating the medical evidence, such as the medical opinion evidence provided by Dr. Michael L. Brown, PhD, Dr. Janice Lewis, PhD, and Dr. Mark E. Hawley, PhD. Open, 2-14. Defendant contends the ALJ reasonably evaluated the persuasiveness of the medical opinions. Response, 2.

If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work activity or on medical factors alone and a claimant has a severe impairment, a review is made of the claimant's RFC. *See* Social Security Ruling "SSR" 96-8p, 1996 SSR LEXIS 5 at *3-*4, 1996 WL 374184. As noted by the Ninth Circuit, "Social Security Regulations define [RFC] as the 'maximum degree to which the individual retains the capacity for *sustained* performance of the physical-mental requirements of jobs." *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998)) (quoting 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c)); *see also* SSR 96-8p, 1996 SSR LEXIS 5 at *5. [RFC] is the most a claimant can do despite existing limitations. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c).

In 2017, the Commissioner issued new regulations governing how ALJs are to evaluate medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the new regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources."

ORDER - 3

1   20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how
2   he or she considered the factors of supportability and consistency in evaluating the medical
3   opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). That explanation must be legitimate,
4   as the Court will not affirm a decision that is based on legal error or not supported by substantial
5   evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Thus, the regulations
6   require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See also*
7   *Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012 at *3 (W.D. Wash.
8   Nov. 10, 2020) (unpublished opinion) (finding that the new regulations do not clearly supersede
9   the "specific and legitimate" standard because the "specific and legitimate" standard refers not to
10  how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court*
11  evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

12  As plaintiff filed the claim on December 5, 2017, the ALJ applied the new regulations.
13  *See* AR 24; *see also* Reply, Dkt. 21, pp. 1-2. Therefore, based on the above considerations, the
14  Court will determine whether the ALJ's decision is free of legal error and supported by
15  substantial evidence.

16  **A.  Dr. Michael L Brown, Ph.D., non-examining medical consultant**

17  Dr. Brown is a medical consultant, a psychological doctor, who reviewed the record and
18  provided opinions regarding plaintiff's functional limitations for the Administration. *See* AR-
19  135-41, 144-46. In the written decision, the ALJ adopted all the findings and opinions from Dr.
20  Brown with the exception of Dr. Brown's opinion plaintiff "would miss two days of work per
21  month." AR 25 (citing Exhibit B3A/11, *i.e.*, AR 145). Regarding this opinion, which the ALJ
22  acknowledged was contradicted, the ALJ found "it is [not] supported by the review of the mental

health records or in any other portion of this opinion." *Id*. (citing Exhibit B3A/5, 11, *i.e.*, AR 139, 145). However, this finding by the ALJ is not supported by substantial evidence.

Dr. Brown's opinion regarding plaintiff's likely absenteeism is supported by multiple notations in the medical evidence review within the opinion of Dr. Brown. *See* AR 139. For example, plaintiff was tense simply as a result of having to drive to her psychological examination in August 2015, as noted in one of the records reviewed by Dr. Brown. *See id*. In addition, in that same treatment note, the record indicates plaintiff required help with her activities of daily living due to feeling overwhelmed and this treatment record summary includes also a contemporaneous report of agoraphobia. *See id*. Further supporting the opinion of Dr. Brown plaintiff likely would experience absenteeism of two days a month is the record reviewed in Dr. Brown's opinion from April 12, 2018 which indicates plaintiff spent days in her room at a time with the curtains drawn caring for her mother who is in poor health. *See id.* This April 2018 note also indicates plaintiff required daily living assistance from her stepfather "to help her dress," as noted in the medical summary of the mental health records in Dr. Brown's opinion. *See id.*

For the reasons stated and based on the record as a whole, the Court concludes the ALJ's finding Dr. Brown's opinion is not supported by the mental health records reviewed in his opinion is not based on substantial evidence. Even if Dr. Brown did not tie the rationale in his review of the mental health records to his opinion, or provide a narrative explanation, Dr. Brown's opinion of plaintiff's likely absenteeism is supported by the mental health records he reviewed which are included in his opinion. *See* AR 25; *see also* AR 139, 145. The ALJ's finding to the contrary is not supported by substantial evidence and does not sufficiently support the ALJ's failure to credit fully this contradicted opinion of Dr. Brown.

### B. Drs. Lewis and Hawley

Plaintiff contends that the ALJ erred by failing to provide sufficient reasons for not crediting fully medical opinions from Drs. Lewis and Hawley; however, the Court already has concluded the ALJ committed harmful error and the medical evidence should be reviewed anew, *see supra*, Section I A; *see also infra*, section II. Therefore, following remand of this matter, these opinions should be evaluated anew. The opinion from Dr. Lewis in March 2019 especially appears to require evaluation by the ALJ in the first instance. *See* AR 26 (citing Exhibit B6F/132-34, *i.e.*, AR 695-97); *see also* Open 4-8. Dr. Lewis provided specifical functional assessments regarding plaintiff's "work related abilities" and limitations. *See* AR 696.

### II. Harmless error does not apply in this matter.

The Ninth Circuit has "long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An error is harmless if it is "'inconsequential to the ultimate non[-]disability determination.'" *Molina*, *supra,* 674 F.3d at 1117 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). However, here, in this matter, the error is not harmless.

At plaintiff's Administrative hearing, a vocational expert ("VE") testified regarding "the tolerance for absenteeism in these types of jobs [relevant for one with an RFC like plaintiff's], and at what point [] it become[s] work-preclusive." *See* AR 105. As noted by plaintiff, the VE testified absenteeism is tolerated at "no more than one day per month." *See id.*; *see also* Open 14 (citing AR 105). Therefore, the failure by the ALJ to provide rationale supported by substantial evidence to support the rejection of Dr. Brown's opinion plaintiff would experience absenteeism of two days per month is not harmless error. *See Molina*, *supra,* 674 F.3d at 1117 (quoting

ORDER - 6

*Carmickle*, *supra*, 533 F.3d at 1162) (An error is harmless if it is "'inconsequential to the ultimate non[-]disability determination'").

### III.   Regarding the ALJ's evaluation of plaintiff's subjective claims.

Plaintiff contends that the ALJ erred by failing to provide sufficient reasons for not incorporating fully plaintiff's subjective claims; however, the Court already has concluded the ALJ committed harmful error and the medical evidence should be reviewed anew, *see supra*, Sections I A and II. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

### IV.   This Court should not reverse with a direction to award benefits.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). After concluding at step one that an ALJ has erred when considering such medical evidence, (not harmless error), the Court next should "turn to the question whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citations omitted). When looking at this issue, the Court should consider if the record is free from relevant conflicts. *See id*.

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts, such as conflicts in the medical evidence. As noted by the ALJ

ORDER - 7

in the written decision, absenteeism of two days per month was a contradicted medical opinion. *See* AR 25.

In addition, it would be useful for the ALJ on remand to evaluate the specifical medical opinions of Dr. Lewis in the first instance, as such typically is not the role of this Court. *See* AR 26 (citing Exhibit B6F/132-34, *i.e.*, AR 695-97); *see also* Open 4-8.

Therefore, this matter should be reversed for further Administrative proceedings, including a *de novo* hearing, not with a direction to award benefits. *See id.*

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further Administrative proceedings in accordance with the findings contained herein.

Dated this 31st day of January, 2022.

David W. Christel
United States Magistrate Judge